Sonia JOHNSON, Richard Walton, Don Broersma, Rebecca C. Clark, Benita Mullins, and Richard Wunsch, Plaintiffs,

v.

Richard H. AUSTIN, As He Is Secretary of State; and Michael Pyne, Rae Weaver, Stephen C. Bransdorfer, and Elizabeth Jackson, As They Are Members of the Board of Canvassers, Defendants.

Civ. No. 84CV3950DT.

United States District Court,
E.D. Michigan, S.D.

Oct. 19, 1984.

Donald B. Greenspon, George B. Washington, Detroit, Mich., for plaintiffs.

Richard P. Gartner, Asst. Atty. Gen., Lansing, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

ANNA DIGGS TAYLOR, District Judge.

This is a civil action, brought pursuant to 42 U.S.C. § 1983 (1981), by which plaintiffs Sonia Johnson and Richard Walton, independent candidates for president and vice president of the United States respectively, along with other plaintiffs, seek an injunctive order or summary judgment of this court directing the defendant officers of the State of Michigan to place their names on the November 6, 1984 general election ballot, and declaring the Michigan general election statutory scheme unconstitutional as applied to independent candidates. There being no dispute as to any of the material facts, this matter is properly before the court on plaintiff's motion for preliminary injunction relief as well as for summary judgment. This court has juris-

diction of the instant cause under the provisions of 28 U.S.C. § 1331 (1983). Upon review of the submitted briefs of counsel, after hearing oral arguments and based upon the following findings of fact and conclusions of law, this court must find in favor of plaintiffs and enter a summary judgment and injunctive order directing that the defendants herein place the names of candidates Johnson and Walton on the November 6, 1984 Michigan general election ballot. The court further finds that the Michigan statutory scheme as applied to independent candidates is indeed unconstitutional.

## FINDINGS OF FACT

Plaintiffs, Sonia Johnson and Richard Walton, as aforestated, are independent candidates for the offices of president and vice president of the United States respectively. Plaintiffs Benita Mullins and Richard Wunsch are residents and citizens of Michigan who seek to be designated electors pledged to vote for Sonia Johnson for president and Richard Walton for vice president of the United States. Plaintiffs, Don Broersma and Rebecca Clark are residents and citizens of Michigan, duly registered to vote in that state, who seek to cast ballots in November for Johnson and Walton's respective candidacies.

Defendant Richard H. Austin is the Secretary for the state of Michigan. Defendants Michael Pyne, Rae Weaver, Stephen Bransdorfer and Elizabeth Jackson are members of the Michigan State Board of Canvassers. Defendant Austin is the chief election officer of the state of Michigan, and together with the other defendants is charged with supervision of certification of candidates for the offices of president and vice president of the United States and certification of the ballot to be placed before the Michigan electorate November 6, 1984.

Plaintiffs Johnson and Walton meet the constitutional requirements for the offices they seek, as they are both natural-born citizens of the United States, over the age of 35, residents of the United States for more than fourteen years and qualified electors of the states of Virginia and Rhode Island, respectively. U.S. Const., art. II, § 1, cl. 5. These political aspirants are serious candidates with a significant amount of nation-wide support. Since announcing her candidacy for president of the United States, Sonia Johnson has actively campaigned in 32 states. She has been certified to receive federal matching funds by the Federal Election Commission as a result of campaign contributions received in over 20 states. Vice-presidential candidate Richard Walton is a well-known author who has published several well-known books as well as articles in magazines and papers of broad national circulation on foreign affairs and political issues.

The Citizens Party, with which Johnson and Walton are affiliated, does not now have ballot status in Michigan and is not now seeking such status. There has been no attempt to field a slate of candidates in Michigan or to establish the Citizens Party as a distinct political party under Michigan law.

Independent candidates Johnson and Walton are already on the general election ballot in six states and expect to obtain ballot access in at least fourteen other states prior to the November 6, 1984 general election. They plan to conduct a vigorous campaign throughout the state of Michigan.

Presently in the state of Michigan there is no statutory means for an independent candidate to secure a place on the November ballot. The pertinent Michigan statute provides as follows:

The names of a candidate of a new political party shall not be printed upon the official ballots of an election unless the chairman and secretary of the state central committee of the party filed with secretary of state, at least three months before the primary election, a certificate signed by them bearing the name of the party and unless accompanying the certificate there was filed petitions bearing the signatures of registered and qualified electors equal to not less than one

percent nor more than four percent of the number of votes, the successful candidate for secretary of state received at the last election in which a secretary of state was elected ....

M.C.L.A. § 168.685(1) (1967), as amended by 1976 P.A. 94. Thus, unless a candidate is a member of a party, and that party has complied with the Michigan state law regarding ballot access, such candidate may not have his or her name put before the Michigan electorate.

On August 10, 1984, plaintiffs Johnson and Walton filed with the office of the defendant secretary of state a declaration of candidacy, accompanied by an affidavit of support signed by Susan Horwitz, their campaign manager. The office of the secretary of state has never responded to the Johnson-Walton Campaign Committee regarding its request to have these candidates placed on the 1984 election ballot.

## CONCLUSIONS OF LAW

First, the court must note that it is well settled that state laws which preclude independent candidates from appearing on the ballot of that state are unconstitutional, whether the state expressly prohibits such candidates from appearing on the ballot or simply refuses to provide them with any procedures regarding ballot access. *McCarthy v. Briscoe*, 429 U.S. 1317, 97 S.Ct. 10, 50 L.Ed.2d 49 (1976, Powell, Circuit Justice); *Storer v. Brown*, 415 U.S. 724, 94 S.Ct. 1274, 39 L.Ed.2d 714 (1974); *LaRouche v. Austin*, Docket No. 84–1616 (6th Cir. 8/31/84); *Goldman-Frankie v. Austin*, 727 F.2d 603 (6th Cir.1984). As expressed by the Supreme Court in *Reynolds v. Sims*, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964):

> The right to vote freely for the candidate of one's choice is the essence of a democratic society, and any restrictions on that right strike at the heart of representative government.

377 U.S. at 555, 84 S.Ct. at 1378.

Regardless of the potential for success of independent candidates, their very existence contributes to the extremely important work of issue identification and policy or platform development by our major parties or candidates. State laws which prevent the presentation of such candidates to the voting citizenry do injustice to the free exchange of ideas upon which our nation is built, and constitute a form of censorship which is forbidden in our society.

The defendants herein admit that M.C.L.A. § 168.685(1) (1967), as amended by 1976 P.A. 94, makes no provision for access of independent candidates to the general election ballot for November 6, 1984. The Michigan legislature has been on notice for years that this lack of statutory procedure is constitutionally impermissible. The former statute for securing access to the general election ballot was declared unconstitutional because of its failure to provide access for independents. That procedure had no requirement of party qualification vote in the August primary. *McCarthy v. Austin*, 423 F.Supp. 990 (W.D.Mich.1976) (3 judge court). The Michigan legislature was officially and explicitly advised that the new Public Act 94 procedures were also unconstitutional, in that they, too, provided no means for access to the ballot by independent candidates.

Michigan's current election law has also been declared unconstitutional in other cases before this bench, for its failure to provide means for independents to secure access to the ballots. *Hall v. Austin*, 495 F.Supp. 782 (E.D.Mich.1980). The court there ordered as a remedy that the names of Gus Hall and Angela Davis be placed on the November 4, 1980 general election ballot for the offices of president and vice president of the United States, respectively. *Id.*

The Supreme Court has ruled that states cannot effectively preclude opposition parties and candidates from a position on the ballot and that "even where operative, write-in votes are no substitutes for a place on the ballot." *Williams v. Rhodes*, 393 U.S. 23, 89 S.Ct. 5, 21 L.Ed.2d 24 (1968). In *Storer v. Brown*, 415 U.S. 724, 94 S.Ct. 1274, 39 L.Ed.2d 714 (1974), the Supreme Court held that a state could not, as Michi-

gan does, require a candidate to form a new political party in order to appear on the ballot. *Storer* concluded:

> ... [W]e perceive no sufficient state interest in conditioning ballot position for an independent candidate on his forming a new political party as long as the state is free to assure itself that a candidate is a serious contender, truly independent, and with a satisfactory level of community support.

415 U.S. at 746, 94 S.Ct. at 1287.

■ Since the *Storer* opinion, the Michigan legislature has been free for ten years to enact legislation designed to ascertain whether independent candidates were serious, truly independent and had a significant modicum of community support. Michigan lawmakers have not, however, enacted reasonable restrictions to the ballot access of independent candidates, but have instead continued to completely bar them from appearing on the ballot. The court cannot countenance such a deliberate preclusion.

Further, since *Storer*, these candidates may not be forced to form a political party, or to certify a party currently existing according to Michigan law, in order to put their candidacies before the voters of this state. Such an implicit mandate is constitutionally infirm, and must be prohibited.

*Storer* does not endow this court with the responsibility or authority to develop qualifying restrictions to ballot access where the state legislature has failed to speak on such requirements, particularly where, as here, the legislature had been on notice for many years that its statutory provision regarding ballot access were inadequate and unlawful. Even, however, were this court to consider the factors set forth in *Storer* regarding independent candidates in the absence of state regulatory guidance, it would have to find that the plaintiff candidates herein qualify for the remedy which they seek, which is to be placed on the November ballot.

The plaintiffs here do not suggest that every independent candidate must be automatically afforded a slot on the ballot, once

a court has found that state laws unconstitutionally exclude independent candidates. Rather, they submit that they, given their 1) serious commitment to their candidacies, political convictions and philosophies, 2) launching of a nationwide campaign, which has already taken them to 32 states and placed them on the ballots of six, and 3) certification to receive federal primary matching funds by the Federal Election Commission, should be placed on the ballot. While plaintiffs admit that they are affiliated with the Citizens Party, the court notes that this party does not now have a ballot status in this state and is not seeking such status. In *Hall v. Austin*, 495 F.Supp. 782 (E.D.Mich.1980), the court faced a similar problem in that plaintiffs Gus Hall and Angela Davis were admittedly associated with the Communist Party. The court there cited *Storer* in holding implicitly that a candidate may be characterized as independent despite his significant affiliation with a named party. 415 U.S. at 727–728, 94 S.Ct. at 1277–1278.

The court must indicate that the placement of these plaintiffs' names on the Michigan ballot will not burden the legitimate public interest in regulating the number of candidates on the ballot, and avoidance of frivolous candidacies. Plaintiffs' motion was not untimely brought, and defendants herein admit that the relief plaintiffs' seek, if ordered by this court, can be provided without undue restraint upon the administration of our November Michigan election.

The court takes note of the Michigan legislature's continuing refusal to address the unconstitutional aspects of Michigan election laws, and urges Michigan's elected representatives to speak, and to speak soon, to this vital process of a democratic society.

For the foregoing reasons, plaintiffs' motion for summary judgment is granted, and defendants are directed and enjoined to place the names of Sonia Johnson and Richard Walton on the November 6, 1984 general election ballot as candidates for presi-

dent and vice president of the United States, respectively.

IT IS SO ORDERED.